## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

DANIEL FORD,                          :
                                      :
            Plaintiff,                :
                                      :
VS.                                   :         NO. 4:23-CV-00159-CDL-MSH
                                      :
DEXTER MOSES, *et al.*,               :
                                      :
            Defendants.               :
_____     :

## ORDER AND RECOMMENDATION

Presently pending before the Court is a *pro se* Complaint filed by Plaintiff Daniel Ford, an inmate in the Ware State Prison in Waycross, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a certified copy of his prison trust fund account statement that the Court will liberally construe as a motion to proceed *in forma pauperis* in this action (ECF No. 2). For the following reasons, Plaintiff shall be permitted to proceed *in forma pauperis*, and Plaintiff's claims that Defendants Moses, Spates, and Stubbs were deliberately indifferent to his safety shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. He will therefore be permitted

to proceed *in forma pauperis* in this action.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2).

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or

3

employee.  *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).   The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted).   In other words, the complaint must allege enough facts

4

"to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

Plaintiff's claims arise from his detention at the Rutledge State Prison in Columbus, Georgia, in the fall of 2022. Compl. 6, ECF No. 1. According to the Complaint, Plaintiff was assaulted in August of 2022 "by four notorious inmates who were gang members and Muslims." *Id.* at 7. Plaintiff "immediately went to Deputy Warden of Security Dexter Moses and asked for help." *Id.* Lieutenant Spates and Unit Manager Stubbs were also present during this conversation. *Id.* Defendant Moses "promised to move Plaintiff to Dorm C3 which is where other vulnerable prisoners were moved," and Plaintiff went to medical for treatment. *Id.* When Plaintiff returned from medical, however, Defendant Stubbs told Plaintiff to return to the dorm where the attack occurred; when Plaintiff entered this dorm, he overheard Defendant Spates "telling inmates that Plaintiff snitched." *Id.*

5

Inmates threatened to kill Plaintiff, and "[a] few days later, Plaintiff was surprise ambushed" in the hallway of his dorm.  *Id.*   The inmates told Plaintiff he was attacked "because [he] snitched."   *Id.*   Plaintiff suffered significant injuries in the attack, including "at least one broken rib, eye damage, abrasions, bruises, and lacerations."   *Id.*

Plaintiff reported the attack to his mother, and she called the prison to complain. Compl. 7, ECF No. 1.   Plaintiff also requested protective custody and was placed in segregation, where he grieved the incident.   *Id.*   After Plaintiff filed a grievance, Defendant Moses "libelously claimed in response to the grievance that Plaintiff was assaulted for owing inmates for drugs."   *Id.*   This allegedly false statement "caused Plaintiff more damages including disrepute and inability to get a job at the prison, and it will likely affect his release eligibility."   *Id.*   Plaintiff thus contends that Defendants' actions violated his constitutional rights, and as a result he seeks compensatory and punitive damages.   *Id.* at 9.

### III.   Plaintiff's Claims

#### A.   Deliberate Indifference to Safety

Plaintiff's Complaint first gives rise to a claim that Defendants were deliberately indifferent to his safety.   This type of claim is generally cognizable under the Eighth Amendment to the United States Constitution.   *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   A prisoner asserting this type of Eighth Amendment claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.   *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk.  *Id.* at 1332.

The subjective component of deliberate indifference requires a prisoner to allege facts showing that a prison official had "'more than a generalized awareness of risk'" to the prisoner.  *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101-02 (11th Cir. 2014)).  The inmate can do this by pleading facts showing "that he was in an environment so beset by violence that confinement, by its nature, threatened him with the substantial risk of serious harm" or by providing prison officials with details about a specific threat sufficient "to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'"  *Id.* at 1235-36 (quoting *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)).  The objective prong requires the prisoner to allege facts establishing that the prison official objectively "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act."  *Id.* (internal quotation marks omitted).

Plaintiff's claims in this case are based on Defendants' knowledge of a specific threat to Plaintiff's safety from gang members at the prison.  Plaintiff alleges that after he reported the initial attack, Defendant Moses promised to move him to a different dorm, but he failed to follow through on this promise despite his presumable authority to do so as the deputy warden of security.  Compl. 7, ECF No. 1.  Defendant Stubbs likewise returned

Plaintiff to his previous dorm despite knowing Plaintiff had already been attacked there once, and Defendant Spates "incited" inmates to attack Plaintiff by telling those inmates that Plaintiff had snitched. *See, e.g.*, *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (inmate stated claim for relief where he alleged "prison officials have labeled him a snitch and are exposing him to inmate retaliation"). These allegations are sufficient to show that Defendants may have been deliberately indifferent to Plaintiff's safety. Plaintiff's Eighth Amendment claims against each of these Defendants shall therefore proceed for further factual development.

### B.  Libel Claims

Plaintiff next claims that Defendant Moses "libelously claimed" that Plaintiff had been attacked because he owed inmates for drugs. Compl. 7, ECF No. 1. It is well-settled, however, that a § 1983 action cannot be based on a theory of slander, defamation, or libel. *Paul v. Davis*, 424 U.S. 693, 712 (1976); *see also Von Stein v. Brescher*, 904 F.3d 572, 582 (11th Cir. 1990). As such, any § 1983 claim Plaintiff is trying to raise in this action based on Defendant Moses' "libelous" comments are subject to dismissal.[1]

---

[1] Plaintiff does not appear to raise a retaliation claim concerning Defendant Moses' allegedly libelous comments. To state a retaliation claim, an inmate generally needs to show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g.*, *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). In this case, Plaintiff simply contends that Defendant Moses responded to Plaintiff's grievance concerning the attack by falsely contending that Plaintiff was attacked because he owed other inmates drug money; he does not plead any facts suggesting that Defendant Moses offered this explanation in retaliation for Plaintiff's filing the grievance in the first place.

## IV.    Conclusion

As discussed herein, Plaintiff shall be **GRANTED** leave to proceed *in forma pauperis* in this action, and Plaintiff's claims that Defendants Moses, Spates, and Stubbs were deliberately indifferent to his safety shall proceed for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Moses, Spates, and Stubbs, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

9

Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first).   The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED** this 28th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

12