IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **DANIEL FORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 4:23-CV-00159-CDL-MSH |
| | : | |
| **DEXTER MOSES,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**SUPPLEMENTAL ORDER & RECOMMENDATION**

Presently pending before the Court is an Amended Complaint filed by *pro se* Plaintiff Daniel Ford (ECF No. 7), an inmate in the Ware State Prison in Waycross, Georgia. Plaintiff has the right to amend his Complaint once as a matter of course at this point in the litigation, Fed. R. Civ. P. 15(a). The undersigned has thus reviewed the Amended Complaint, which appears identical to the statement of claims in the original Complaint but for the addition of two retaliation claims. *Compare* Compl. 7-8, ECF No. 1 *with* Am. Compl. 1-2, ECF No. 7. For the following reasons, Plaintiff's claim that Defendant Moses retaliated against him by falsely claiming that Plaintiff was assaulted because he owed other inmates money for drugs shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's retaliatory transfer claim be **DISMISSED without prejudice.** The previous Order and Recommendation permitting Plaintiff's deliberate indifference claims against Defendants Moses, Spates, and Stubbs and

recommending dismissal of all remaining claims (ECF No. 4) remains unchanged by this Order and Recommendation.

## PRELIMINARY REVIEW OF AMENDED COMPLAINT

I.  Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from a series of attacks against him in the Rutledge State Prison in Columbus, Georgia, in the fall of 2022. Compl. 6, ECF No. 1; Am. Compl. 1, ECF No. 7. The undersigned previously ordered service of Plaintiff's claims that Defendants Moses, Spates, and Stubbs were deliberately indifferent to Plaintiff's safety in the prison. Order & Recommendation 8, ECF No. 4. At the same time, the undersigned recommended dismissal of Plaintiff's claims that Defendant Moses "libelously claimed"

that Plaintiff was attacked because he owed other inmates money for drugs. *Id.* In doing so, the undersigned construed this claim as a substantive claim for libel rather than a claim that Defendant Moses was retaliating against Plaintiff for filing a grievance. *See id.* at n.1.

Plaintiff now specifically alleges that Defendant Moses falsely claimed that Plaintiff was attacked for owing inmates for drugs in retaliation for Plaintiff's filing a grievance about being attacked. Am. Compl. 1-2, ECF No. 7. Plaintiff further contends that this "retaliatory libel has caused [him] more damages including disrepute, inability to get a job at the prison, and it will likely affect his release eligibility." *Id.* Plaintiff also contends he was transferred from Rutledge State Prison to Ware State Prison—"arguably the most dangerous prison in the State of Georgia"—the day after he filed his Complaint in this case. *Id.* Plaintiff contends "this clearly appears to be retaliation." *Id.*

To state a retaliation claim, an inmate generally needs to show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g.*, *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Though the circumstances of Defendant Moses's response to Plaintiff's grievances are still unclear, the Amended Complaint confirms Plaintiff intended to raise a substantive retaliation claim against Defendant Moses. Construing Plaintiff's allegations liberally and taking them as true, as the Court must at this stage, the undersigned cannot conclude that Plaintiff's retaliation claim against Defendant Moses is necessarily frivolous. Plaintiff's claim that Defendant Moses retaliated against Plaintiff by lying about the reason Plaintiff was

attacked, causing Plaintiff to suffer negative repercussions, shall therefore proceed for further factual development.

Plaintiff's claim that he was transferred in retaliation for filing this Complaint, however, fails to state an actionable claim. Plaintiff does not allege which named Defendant was responsible for this transfer. His claim is therefore subject to dismissal. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).[1]

### III. Conclusion

For the foregoing reasons, Plaintiff's claim that Defendant Moses retaliated against him by lying about the reasons Plaintiff was attacked shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's retaliatory transfer claim be **DISMISSED without prejudice.** Should the Court adopt both this Recommendation and the November 28, 2023 Order and Recommendation (ECF No. 4), the only claims proceeding for further factual development will be Plaintiff's claims that Defendants Moses, Spates, and Stubbs were deliberately indifferent to Plaintiff's safety and his retaliation claim against Defendant Moses.

---

[1] In addition, the undersigned notes that Plaintiff is already seeking relief regarding his transfer to Ware State Prison in another case pending before this Court; he filed a motion for temporary restraining order and preliminary injunction regarding his transfer in *Ford v. West*, 4:23-cv-37-CDL-MSH (M.D. Ga. Oct. 30, 2023) (ECF No. 15).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made another colorable constitutional violation claim against Defendant Moses, it is accordingly **ORDERED** that service be made on this Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The

Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each

party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED** this 19th day of January, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE