IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DANIEL FORD, | : |
|         Plaintiff, | : |
| v. | :    Case No. 4:23-cv-159-CDL-AGH |
| DEXTER MOSES, *et al.*, | : |
|         Defendants. | : |

## **ORDER**

Before the Court are Plaintiff's motions to produce case records and to stay the case (ECF No. 34), to direct Defendants to identify witnesses (ECF No. 35), and for the Court to secure the attendance at trial of Plaintiff's witnesses (ECF No. 36). For the following reasons, Plaintiff's motions are denied.

Plaintiff is not entitled to a copy of the entire record in this matter, nor has he shown entitlement to a stay. First, Plaintiff asserts that, on June 24, 2024, prison officers caused Plaintiff to lose all of his legal documents, including those associated with this case. Pl.'s Mot. to Produce and Stay 1, ECF No. 34. However, without any explanation, Plaintiff waited thirteen months to notify the Court that he lost these documents. Additionally, Plaintiff admits that he received at least some of Defendants' motion for summary judgment. *Id.* Again, Defendants' motion for summary judgment was filed on September 3, 2024, nearly ten months before Plaintiff notified the Court that did not have any case documents. Defs.' Mot. Summ. J., Sept. 3, 2024, ECF No. 25. Further, Plaintiff also admits that he received the Court's notice of Defendants' motion

for summary judgment, which notice informed Plaintiff of his rights and obligations to respond to Defendants summary judgment motion. Pl.'s Mot. to Produce and Stay 1; *see* Notice, Sept. 4, 2024, ECF No. 26. Finally, on October 17 and 18, 2024, Plaintiff filed large portions of Defendants' motion for summary judgment, but he failed to alert the Court to the fact that he did not have his own case documents or Defendants' entire summary judgment motion. *See* Notice, ECF No. 27; Pl.'s Ex., ECF No. 28. Consequently, Plaintiff's motion to produce and to stay (ECF No. 34) is **DENIED**.[1]

Plaintiff's motion for Defendants to identify witnesses is both too late and too early. To the extent Plaintiff seeks to compel Defendants to disclose witnesses, discovery in this matter closed long ago. *See* Order & R. 8, Jan. 19, 2024, ECF No. 8 (setting discovery deadlines); *see also* Defs.' Answer, Mar. 19, 2024, ECF No. 18. To the extent Plaintiff requests Defendants provide their witness list in preparation for trial, should this matter proceed to trial, the parties will provide that information in their proposed pretrial order. As a result, Plaintiff's motion requesting the Court to direct Defendants to identify witnesses (ECF No. 35) is **DENIED**.

Similarly, Plaintiff's motion for the Court to secure the attendance at trial of Plaintiff's witnesses is premature. If this matter proceeds to trial, Plaintiff will be able to subpoena his own witnesses. Accordingly, Plaintiff's motion for the Court to secure the attendance at trial of his witnesses (ECF No. 36) is **DENIED**.

**SO ORDERED**, this 8th day of August, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's Order only denies Plaintiff's request for Court records to the extent he seeks to do so without charge. Plaintiff is, of course, entitled to contact the Clerk's office and arrange to obtain copies for a fee.

2